## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**FIRST FRANCHISE CAPITAL**      :
**CORPORATION**      :
**8888 Keystone Crossing, Ste. 1700**      :
**Indianapolis, IN 46240**      :
     :      Case No. 1:19-cv-254 _____
         **Plaintiff,**      :
     :      Judge _____
**vs.**      :
     :
**PANDYA RESTAURANTS LLC**      :
**121 Friends Lane, Suite 301**      :
**Newtown, PA 18940**      :
     :
         **Copy to Registered Agent:**      :
         **c/o Corporation Service Company**      :
         **2595 Interstate Dr., Ste. 103**      :
         **Harrisburg, PA 17110**      :
     :
**and**      :
     :
**RONAK FOODS, LLC**      :
**121 Friends Lane, Suite 301**      :
**Newtown, PA 18940**      :
     :
         **Copy to Registered Agent:**      :
         **c/o Corporation Service Company**      :
         **2595 Interstate Dr., Ste. 103**      :
         **Harrisburg, PA 17110**      :
     :
**and**      :
     :
**JNP FOODS, LLC**      :
**121 Friends Lane, Suite 301**      :
**Newtown, PA 18940**      :
     :
         **Copy to Registered Agent:**      :
         **c/o Corporation Service Company**      :
         **2595 Interstate Dr., Ste. 103**      :
         **Harrisburg, PA 17110**      :
     :
**and**      :
     :

**SRI RAKTA, LLC**                                   :
**121 Friends Lane, Suite 301**                     :
**Newtown, PA 18940**                               :
                                                    :
   **Copy to Registered Agent:**      :
   **c/o Corporation Service Company** :
   **2595 Interstate Dr., Ste. 103**   :
   **Harrisburg, PA 17110**            :
                                                    :
**and**                                             :
                                                    :
**SRI BALAGANAPATI LIMTED**                         :
**LIABILITY COMPANY**                               :
**121 Friends Lane, Suite 301**                     :
**Newtown, PA 18940**                               :
                                                    :
   **Copy to Registered Agent:**      :
   **Krupa Patel**                     :
   **39 Mountainview Court**           :
   **Totowa, NJ 07512-1654**           :
                                                    :
**and**                                             :
                                                    :
**SRI CHATURBHUJ LLC**                              :
**121 Friends Lane, Suite 301**                     :
**Newtown, PA 18940**                               :
                                                    :
   **Copy to Registered Agent:**      :
   **c/o Corporation Service Company** :
   **2595 Interstate Dr., Ste. 103**   :
   **Harrisburg, PA 17110**            :
                                                    :
**and**                                             :
                                                    :
**SRI DEVADEVA LLC**                                :
**121 Friends Lane, Suite 301**                     :
**Newtown, PA 18940**                               :
                                                    :
   **Copy to Registered Agent:**      :
   **c/o Corporation Service Company** :
   **2595 Interstate Dr., Ste. 103**   :
   **Harrisburg, PA 17110**            :
                                                    :
**and**                                             :
                                                    :
                                                    :

**SRI MANOMAY LLC**                                  :
**121 Friends Lane, Suite 301**                      :
**Newtown, PA 18940**                                :
                                                     :
   **Copy to Registered Agent:**      :
   **c/o Corporation Service Company** :
   **2595 Interstate Dr., Ste. 103**   :
   **Harrisburg, PA 17110**            :
                                                     :
**and**                                              :
                                                     :
**SRI GUNINA, LLC**                                  :
**121 Friends Lane, Suite 301**                      :
**Newtown, PA 18940**                                :
                                                     :
   **Copy to Registered Agent:**      :
   **c/o Corporation Service Company** :
   **2595 Interstate Dr., Ste. 103**   :
   **Harrisburg, PA 17110**            :
                                                     :
**and**                                              :
                                                     :
**401 KOKOMO, LLC**                                  :
**121 Friends Lane, Suite 301**                      :
**Newtown, PA 18940**                                :
                                                     :
   **Copy to Registered Agent:**      :
   **Krupa Patel**                     :
   **504 W Race Street, Apt. A**       :
   **Portland, IN 47371**              :
                                                     :
**and**                                              :
                                                     :
**839 GREENWOOD, LLC**                               :
**121 Friends Lane, Suite 301**                      :
**Newtown, PA 18940**                                :
                                                     :
   **Copy to Registered Agent:**      :
   **Krupa Patel**                     :
   **504 W Race Street, Apt. A**       :
   **Portland, IN 47371**              :
                                                     :
**and**                                              :
                                                     :
                                                     :
                                                     :

**1520 SHADELAND, LLC**                       :
**121 Friends Lane, Suite 301**                :
**Newtown, PA 18940**                     :
                                                     :
    **Copy to Registered Agent:**             :
    **Krupa Patel**                       :
    **504 W Race Street, Apt. A**            :
    **Portland, IN 47371**                   :
 :

**and**                                      :
 :

**2950 MADISON, LLC**                     :
**121 Friends Lane, Suite 301**                :
**Newtown, PA 18940**                     :
 :
    **Copy to Registered Agent:**             :
    **Krupa Patel**                       :
    **504 W Race Street, Apt. A**            :
    **Portland, IN 47371**                   :
 :

**and**                                      :
 :

**3605 KENTUCKY, LLC**                   :
**121 Friends Lane, Suite 301**                :
**Newtown, PA 18940**                     :
 :
    **Copy to Registered Agent:**             :
    **Krupa Patel**                       :
    **504 W Race Street, Apt. A**            :
    **Portland, IN 47371**                   :
 :

**and**                                      :
 :

**3807 WASHINGTON, LLC**                 :
**121 Friends Lane, Suite 301**                :
**Newtown, PA 18940**                     :
 :
    **Copy to Registered Agent:**             :
    **Krupa Patel**                       :
    **504 W Race Street, Apt. A**            :
    **Portland, IN 47371**                   :
 :

**and**                                      :
 :
 :
 :

**6742 82ND ST, LLC**                                  :
**121 Friends Lane, Suite 301**                               :
**Newtown, PA 18940**                                         :
                                                              :
   **Copy to Registered Agent:**                :
   **Krupa Patel**                              :
   **504 W Race Street, Apt. A**                 :
   **Portland, IN 47371**                       :
                                                              :
**and**                                                       :
                                                              :
**WRIGHTSTOWN BURGERS LLC**                                   :
**121 Friends Lane, Suite 301**                               :
**Newtown, PA 18940**                                         :
                                                              :
   **Copy to Registered Agent:**                :
   **Krupa Patel**                              :
   **10 Morning Glory Lane**                     :
   **Ediston, NJ 08820**                        :
                                                              :
**and**                                                       :
                                                              :
**2008 W OREGON AVE, LLC**                                    :
**121 Friends Lane, Suite 301**                               :
**Newtown, PA 18940**                                         :
                                                              :
   **Copy to Registered Agent:**                :
   **c/o Corporation Service Company**           :
   **2595 Interstate Dr., Ste. 103**             :
   **Harrisburg, PA 17110**                     :
                                                              :
**and**                                                       :
                                                              :
**2105 BURLINGTON, LLC**                                      :
**121 Friends Lane, Suite 301**                               :
**Newtown, PA 18940**                                         :
                                                              :
   **Copy to Registered Agent:**                :
   **Krupa Patel**                              :
   **62 Fort Dix St.**                          :
   **Wrightstown, NJ 08562**                    :
                                                              :
**and**                                                       :
                                                              :
                                                              :
                                                              :

| | |
|---|---|
| **PANDYA BURGERS OF ALABAMA** | : |
| **LLC** | : |
| **121 Friends Lane, Suite 301** | : |
| **Newtown, PA 18940** | : |
| | : |
| **Copy to Registered Agent:** | : |
| **Krupa Patel** | : |
| **1813 Crestwood Blvd.** | : |
| **Irondale, AL 35210** | : |
| | : |
| **Defendants.** | : |

---

### COMPLAINT FOR MONEY DAMAGES AND APPOINTMENT OF RECEIVER

---

For its complaint against defendants Pandya Restaurants LLC ("Pandya Restaurants"), Ronak Foods, LLC ("Ronak"), JNP Foods, LLC ("JNP"), Sri Rakta LLC ("Rakta"), Sri Balaganapati Limited Liability Company ("Balaganapati"), Sri Chaturbhuj LLC ("Chaturbhuj"), Sri Devadeva LLC ("Devadeva"), Sri Manomay LLC ("Manomay"), Sri Gunina, LLC ("Gunina"), 401 Kokomo, LLC ("Kokomo"), 839 Greenwood, LLC ("Greenwood"), 1520 Shadeland, LLC ("Shadeland"), 2950 Madison, LLC ("Madison"), 3605 Kentucky, LLC ("Kentucky"), 3807 Washington, LLC ("Washington"), 6742 82nd ST, LLC ("82nd Street"), Wrightstown Burgers LLC ("Wrightstown"), 2008 W Oregon Ave, LLC ("Oregon"), 2105 Burlington, LLC ("Burlington"), and Pandya Burgers of Alabama LLC ("Pandya Burgers," and collectively, "Defendants"), plaintiff First Franchise Capital Corporation ("FFCC") alleges as follows:

### NATURE OF THE ACTION

1. This action arises out of Defendants' ongoing breaches of a master loan agreement and/or other agreements, instruments and documents that they executed in favor of

FFCC in order to induce FFCC to lend nearly $20 million so that Defendants could operate approximately seventy restaurants spread over four states.

2.      Despite Defendants promising that all loan obligations would be completely satisfied in a timely fashion, there have been multiple events of default to date including Defendants' failure to make necessary loan payments.

3.      FFCC has attempted to work with Defendants and has given Defendants additional time to satisfy their obligations, but Defendants have repeatedly failed to do so and, as a result, have caused FFCC to incur millions of dollars in monetary damages.

4.      In addition to Defendants' various defaults, Defendants have also failed to operate the restaurants for which they obtained the loans from FFCC in a manner that will preserve the value of FFCC's collateral.  Indeed, the franchise agreements and/or leases for several restaurants have been terminated already, and a number of restaurants were closed by government authorities due to health and safety violations.  Thus, FFCC seeks the appointment of a receiver for the Defendants who will be charged with managing the affairs of the Defendant entities in a manner that will preserve the value of FFCC's collateral.

**PARTIES**

5.      Plaintiff FFCC is an Indiana corporation.  FFCC's principal place of business is in Indiana, but it is licensed to do business in Ohio and conducts certain relevant operations out of Hamilton County, where its parent company is headquartered.

6.      Defendant Pandya Restaurants is a Pennsylvania limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940.  Pandya Restaurant's sole member is Jignesh N. Pandya, a citizen of Pennsylvania

7.      Defendant Ronak is a Pennsylvania limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940.  Ronak's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

8.      Defendant JNP is a Pennsylvania limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940.  JNP's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

9.      Defendant Rakta is a Pennsylvania limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940.  Rakta's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

10.     Defendant Balaganapati is a New Jersey limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940.  Balaganapati's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

11.     Defendant Chaturbhuj is a Pennsylvania limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940.  Chaturbhuj's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

12.     Defendant Devadeva is a Pennsylvania limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940.  Devadeva's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

13.     Defendant Manomay is a Pennsylvania limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940.  Manomay's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

14.     Defendant Gunina is a Pennsylvania limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940. Gunina's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

15.     Defendant Kokomo is an Indiana limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940. Kokomo's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

16.     Defendant Greenwood is an Indiana limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940. Greenwood's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

17.     Defendant Shadeland is an Indiana limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940. Shadeland's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

18.     Defendant Madison is an Indiana limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940. Madison's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

19.     Defendant Kentucky is an Indiana limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940. Kentucky's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

20.     Defendant Washington is an Indiana limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940. Washington's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

21. Defendant 82nd Street is an Indiana limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940. 82nd Street's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

22. Defendant Wrightstown is a New Jersey limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940. Wrightstown's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

23. Defendant Oregon is a Pennsylvania limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940. Oregon's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

24. Defendant Burlington is a New Jersey limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940. Burlington's sole member is Jignesh N. Pandya, a citizen of Pennsylvania.

25. Defendant Pandya Burgers is an Alabama limited liability company with its principal place of business at 121 Friends Lane, Suite 301, Newtown, PA 18940. When Pandya Burgers became a borrower on November 13, 2017, Pandya Burgers had two members: Jignesh N. Pandya and Bhavin A. Patel, both of whom are citizens of Pennsylvania. On information and belief, Bhavin A. Patel may have transferred his ownership interests to Jignesh N. Pandya thereafter.

## JURISDICTION AND VENUE

26. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

27. This Court possesses personal jurisdiction over the Defendants because each has expressly consented to the jurisdiction of this Court.

28.     Venue is proper in this Court because, among other things, many of the contractual obligations that Defendants breached were supposed to be performed in this district, and Defendants have expressly consented to venue in this district.

## BACKGROUND

### *FFCC's Loans to Defendants*

29.     On or about October 25, 2016, FFCC and Pandya Restaurants, Ronak, JNP, Rakta, Balaganapati, Chaturbhuj, Devadeva, Manomay, and Gunina executed a Master Loan Agreement (the "Loan Agreement").

30.     The Loan Agreement was subsequently amended on May 23, 2017; September 20, 2017; and November 13, 2017.  By the final amendment, all Defendants had signed the Loan Agreement, cross-guaranteeing every other Defendants' representations and warranties and accepting full responsibility for all obligations thereunder.  A true and accurate copy of the Loan Agreement, as it has been amended and modified from time to time, is attached hereto as **Exhibit A**.

31.     Pursuant to the Loan Agreement, as amended, FFCC issued five loans to the Defendants for the Defendants' use in operating approximately seventy restaurant locations in four states franchised by Pizza Hut®, Checkers®, and Rally's Hamburgers®.

32.     Specifically, on or about October 25, 2016, Pandya Restaurants, Ronak, JNP, Rakta, Balaganapati, Chaturbhuj, Devadeva, Manomay, and Gunina executed and delivered to FFCC a secured promissory note for Loan No. 820111022/117730 in the original principal amount of $14,500,000.00 ("Note A").  A true and accurate copy of Note A is attached hereto as **Exhibit B**.

33.     On May 23, 2017, Pandya Restaurants, Ronak, JNP, Rakta, Balaganapati, Chaturbhuj, Devadeva, Manomay, Gunina Kokomo, Greenwood, Shadeland, Madison, Kentucky, Washington, 82nd Street, Wrightstown, Oregon and Burlington executed and delivered to FFCC another secured promissory note for Loan No. 820111085/117834 in the original principal amount of $1,750,000.00 ("Note B").  A true and accurate copy of Note B is attached hereto as **Exhibit C**.

34.     On September 20, 2017, Pandya Restaurants, Ronak, JNP, Rakta, Balaganapati, Chaturbhuj, Devadeva, Manomay, Gunina Kokomo, Greenwood, Shadeland, Madison, Kentucky, Washington, 82nd Street, Wrightstown, Oregon and Burlington executed and delivered to FFCC a third secured promissory note for Loan No. 820113332/117863 in the original principal amount of $600,000.00 ("Note C").  A true and accurate copy of Note C is attached hereto as **Exhibit D**.

35.     On November 13, 2017, all Defendants executed and delivered to FFCC two more secured promissory notes: one for Loan No. 117631 in the original principal amount of $1,600,000.00 ("Note D"), and one for Loan No. 117632 in the original principal amount of $1,100,000.00 ("Note E," and collectively with Notes A-D, the "Notes").  True and accurate copies of Note D and Note E are attached hereto as **Exhibits E and F**, respectively.

36.     In total, FFCC loaned Defendants $19,550,000.00 in original principal pursuant to the Loan Agreement—as originally executed and then amended or modified from time to time— and the Notes.

*The Loan Agreement*

37.     Each Defendant "promise[d] to pay and to perform, observe and comply with when due all of the Obligations" set forth in the Loan Agreement.

38.     The Loan Agreement defined Events of Default to include, among other things, any Defendant's failure to pay any interest or principal owed pursuant to the Loan Agreement; any Defendant's failure to observe, comply with, or perform any other covenant, condition or agreement set forth in the Loan Agreement; or any event that has, or could be reasonably expected to have, any material adverse effect upon the business or operations of any Defendant, that materially impairs any Defendant's ability to perform its obligations under the Loan Agreement, that has any material adverse effect upon the title to or value of any collateral pledged by the Defendants pursuant to the Loan Agreement, or that materially impairs or delays FFCC's ability to enforce the Loan Agreement or collect on the obligations owed thereunder.

39.     In the event of default, the Loan Agreement afforded FFCC broad discretion to exercise the various remedies available to it, including declaring all loan obligations immediately due and payable upon demand; taking immediate possession of any collateral, wherever located; collecting, compromising, taking or otherwise dealing with the collateral and proceeds thereof in FFCC's own name; and selling or otherwise disposing of all or any part of the collateral supporting the loan.

40.     In addition, the Loan Agreement expressly stated that, should an Event of Default occur, FFCC had the right to "[p]etition for and obtain the appointment of a receiver, without notice of any kind whatsoever or obtaining any bond, to take possession of any or all of" the collateral pledged by Defendants pursuant to the Loan Agreement, and "to exercise such rights and powers as the court appointing such receiver shall confer upon such receiver."

41.     Indeed, the Defendants acknowledged "that portions of the Collateral could be difficult to preserve and dispose of and be further subject to complex maintenance and management," and, as a result, agreed that FFCC "shall have the widest possible latitude to

preserve and protect the" collateral pledged by Defendants, as well as FFCC's "security interest in and Lien thereon."

### *Defendants Default and Execute a Forbearance Agreement*

42.    By December 2018, Defendants had fallen out of compliance with the Loan Agreement.

43.    Among other things, Defendants had failed to make payments when and as required by the Loan Agreement and the Notes.

44.    Thus, on December 5, 2018, FFCC notified the Defendants by letter that they had defaulted on their respective obligations.

45.    In its December 5, 2018 default notice to the Defendants, FFCC also exercised its right under the Loan Agreement to accelerate all obligations owed.

46.    Thereafter, the Defendants negotiated an agreement with FFCC by which FFCC agreed to temporarily refrain from seeking certain remedies available to it in order to afford the Defendants additional time to satisfy their respective obligations (the "Forbearance Agreement"). FFCC and the Defendants executed the Forbearance Agreement on or about December 31, 2018.

47.    Pursuant to the Forbearance Agreement, the Defendants were supposed to continue paying interest on the outstanding loans, provide information pertaining to the operation of the various restaurants funded by those loans and the corresponding franchise relationships, and take certain steps toward selling the restaurants and franchises, among other things.

48.    In return for Defendants' complete compliance with the conditions set forth in the Forbearance Agreement, FFCC agreed not to initiate any action or prosecute any claims pursuant to the Loan Agreement until the earlier of April 9, 2019 *or* the occurrence of a defined

terminating event, such as the Defendants failing to comply with any term or condition of the Forbearance Agreement or Loan Agreement.

*Defendants Breach the Forbearance Agreement and*
*FFCC Demands Payment*

49.     By January 15, 2019, just fifteen days after the execution of the Forbearance Agreement, the Defendants were already out of compliance with the Forbearance Agreement, having failed to make the necessary payments or provide the necessary information.

50.     Thus, on January 15, 2019, FFCC sent a second notice of default informing the Defendants of their breaches, terminating the Forbearance Agreement, and declaring FFCC's intent to exercise its rights under the Loan Agreement.

51.     To that end, FFCC demanded from the Defendants payment of all outstanding obligations in immediately available funds.

52.     A month later, the Defendants still had not satisfied their obligations under the Loan Agreement.

53.     As such, on February 15, 2019, FFCC sent a third and final notice of default and demand for payment.

54.     In its February 15, 2019 letter, FFCC set forth Defendants' growing list of defaults, which by then also included the filing of one or more lawsuits against certain of the Defendants by the landlords of various restaurant locations.

55.     As of the date of that February 15, 2019 demand letter, the Defendants were indebted to FFCC in an amount not less than $18,013,415.27, plus interest that continues to accrue at the default rate of interest set forth in the Notes and all other amounts due and payable under the terms of the Loan Agreement, such as attorneys' fees and other costs of collection.

*Defendants Fail to Preserve FFCC's Collateral*

56.     FFCC has come to learn that Defendants have failed to operate the restaurants that were funded by the Loan Agreement in a manner that preserves the value of FFCC's collateral, and its ability to execute on and collect that collateral without delay.

57.     For example, according to news publications, several of the restaurants operated by Defendants have been closed by the applicable state government entities due to health and safety issues created by Defendants' mismanagement of those restaurants.

58.     In addition, Checkers® and Rally's Hamburgers® have terminated Defendants' franchise agreements for some or all of the twenty-seven restaurants that Defendants operated in Indiana, Alabama, Pennsylvania and New Jersey.

59.     Although approximately forty Pizza Hut® restaurants remain in operation, FFCC has reason to believe that if a receiver is not appointed immediately to take control of Defendants and their assets, those restaurants may also be closed or effectively managed out of existence by Defendants.

## COUNT I – BREACH OF CONTRACT
### (Breach of Loan Agreement Against Defendants)

60.     FFCC incorporates the foregoing allegations as though fully restated herein.

61.     The Loan Agreement constitutes a binding and enforceable contract that was executed by Defendants in favor of FFCC.

62.     FFCC has performed all of its obligations in connection with the Loan Agreement.

63.     Defendants, however, have failed and refused to comply with their obligations under the Loan Agreement by, among other things, failing to make payments when and in the amounts required, and failing to provide required information.

64.     Defendants' failure and refusal to comply with their obligations under the Loan Agreement constitute breaches of the Loan Agreement.

65.     FFCC has demanded that Defendants rectify their ongoing breaches and reimburse or pay FFCC for the damages FFCC has incurred, but Defendants have failed and refused to do so and remain in violation of the Loan Agreement.

66.     As a result of Defendants' breaches of the Loan Agreement, FFCC has incurred in excess of $18,000,000.00 in damages.

## COUNT II – PREJUDGMENT APPOINTMENT OF RECEIVER

67.     FFCC incorporates the foregoing allegations as though fully restated herein.

68.     Pursuant to the Loan Agreement, Defendants agreed that in the event of a default FFCC would have the right to petition for and obtain the appointment of a receiver, without notice of any kind whatsoever or obtaining any bond, to take possession of any or all of the collateral and business of each Defendant and to exercise such rights and powers as the court appointing such receiver shall confer upon such receiver.  (Loan Agreement, § 8.2(a)(vii)).

69.     The Defendants specifically acknowledged that portions of the collateral pledged by Defendants pursuant to the Loan Agreement could be difficult to preserve and dispose of and be further subject to complex maintenance and management, and that, as a result, FFCC shall have the widest possible latitude in exercising its rights to preserve and protect such collateral, and FFCC's security interest in and lien on the same.

70.     There have been multiple events of default under the Loan Agreement, including, among other things, Defendants' failure to make timely loan payments, the commencement of litigation against certain of the Defendants by the landlords of their restaurants, the termination

of certain franchise agreements, and the closure of a number of the restaurants that were to be funded by the Loan Agreement.

71.    Defendants have not taken—and are not taking—reasonable steps to preserve the value of FFCC's collateral or to protect FFCC's ability to execute on and collect that collateral without delay.

72.    In fact, Defendants' operation of the restaurants has accelerated depreciation in value of FFCC's collateral.

73.    Accordingly, FFCC requires the appointment of a receiver who will assume control of the operation of Defendants and their assets.

**WHEREFORE**, plaintiff First Franchise Capital Corporation respectfully demands judgment against defendants Pandya Restaurants LLC; Ronak Foods, LLC.; JNP Foods, LLC; Sri Rakta LLC; Sri Balaganapati Limited Liability Company; Sri Chaturbhuj LLC; Sri Devadeva LLC; Sri Manomay LLC; Sri Gunina, LLC; 401 Kokomo, LLC; 839 Greenwood, LLC; 1520 Shadeland, LLC; 2950 Madison, LLC; 3605 Kentucky, LLC; 3807 Washington, LLC; 6742 82nd ST, LLC; Wrightstown Burgers LLC; 2008 W Oregon Ave, LLC; 2105 Burlington, LLC; and Pandya Burgers of Alabama LLC as follows:

    A.    Enter judgment against Defendants, jointly and severally, and in favor of FFCC on FFCC's claim for breach of the Loan Agreement;

    B.    Award FFCC compensatory damages for its claims against Defendants in an amount to be proven at trial;

    C.    Appoint a receiver to take possession and control of Defendants and their assets and for such other purposes as may be set forth in any order appointing such receiver;

D. Award FFCC prejudgment interest;

E. Award FFCC the cost and expenses incurred in litigating this action;

F. Award FFCC its reasonable attorneys' fees; and

G. Award FFCC such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ David F. Hine
Jeffrey A. Marks (0012273)
David F. Hine (0085568)
Erin D. French (0090813)
**Vorys, Sater, Seymour and Pease LLP**
The Great American Tower
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
Phone: (513) 723-4078
Fax: (513) 852-7833
Email: jamarks@vorys.com
          dfhine@vorys.com
          edfrench@vorys.com

*Attorneys for First Franchise Capital Corporation*